**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 08-54-JBC**

**E.ON U.S. SERVICES INC., ET AL.,**                                                 **PLAINTIFFS,**

**V.**                           **MEMORANDUM OPINION AND ORDER**

**QSC PAINTING, INC.,**                                                               **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant's motion to stay (DE 16). The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

**I.  Background**

Defendant QSC Painting, Inc. ("QSC") provides painting services for plaintiffs E.ON U.S. Services, Inc., LG&E Energy, Inc., and Kentucky Utilities Company (collectively "KU").  KU provides electrical services to customers in the Commonwealth of Kentucky and other states.  An action in Fayette (Kentucky) Circuit Court alleges that James Waters, an employee of QSC, sustained injuries due to an electrical shock[1] while working at a plant owned by KU on June 20, 2006.  This incident was investigated by the Kentucky Public Service Commission

---

[1] QSC's motion states that Waters was "electrocuted" but, after reviewing the record, it appears that QSC used the word "electrocute" to indicate he was injured but not killed by the shock.

1

("PSC") at "considerable expense" to KU, according to its petition for declaratory relief. Waters filed his complaint in Fayette Circuit Court on June 13, 2007.

This action is a petition for declaratory relief under Fed. R. Civ. P. 57 and 28 U.S.C. § 2201. KU asks the court to declare that Article 12 of the General Services Agreement ("GSA") between QSC and KU requires the QSC to indemnify, defend, and hold harmless KU with regard to both the civil action by Waters and the PSC investigation; to order QSC to indemnify, defend, and hold harmless KU with regard to the Waters action and the PSC investigation; to order the QSC to pay KU its costs pursuant to the terms of the GSA; and to award KU any other relief to which it may be entitled.

On June 30, 2008, KU filed a motion for summary judgment in the Fayette Circuit Court matter (DE 16-5). This motion argues that KU is entitled to "up-the-ladder" immunity under Kentucky law, which applies to both QSC as Waters's direct employer and KU as other "contractors" who are "up the ladder" from QSC. As a result, KU argues that the exclusive remedy available to Waters is recovery under the Kentucky Workers' Compensation Act and that he is precluded from pursuing a tort claim.

In the present motion, QSC requests that the court stay this matter pending the resolution by the Fayette Circuit Court of KU's summary-judgment motion "in an effort to minimize the parties' potential damages in this case" (DE 18, at 2).

**II.     Motion to Stay**

### A.     Legal Standard

In order to "avoid piecemeal adjudication," the abstention doctrine set forth in *Colorado River Conservation Dist. v. United States*, 424 U.S. 800, 824 (1976), allows a district court to stay a matter pending the outcome of a "parallel" state-court case where "the two proceedings are substantially similar." *See Romine v. Compuserve Corp.*, 160 F.3d 337, 340-41 (6th Cir. 1998) (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)).  Eight factors may be considered by a district court in determining whether abstention of a "parallel" action is justified by considerations of "wise judicial administration":

>    (1) If property is involved, which court first assumed jurisdiction over it.
>
>    (2) The convenience of the federal forum to the parties.
>
>    (3) Whether abstention would avoid "piecemeal litigation."
>
>    (4) Whether the state or federal court first obtained jurisdiction.
>
>    (5) Whether a decision on the merits would be based on federal law or state law.
>
>    (6) Whether the state court proceedings are adequate to protect the rights of the federal plaintiff.
>
>    (7) Which proceedings are more advanced.
>
>    (8) Whether concurrent jurisdiction is present or absent.

*Id.* at 818-19.  *See also United States v. Commonwealth of Kentucky*, 252 F.3d 816, 827 (6th Cir. 2001); *Romine*, 160 F.3d at 340-41.  The court must balance these factors, but they are not a "mechanical checklist," *Romine*, 160 F.3d at 341,

and "[n]o one factor is necessarily determinative." *Colorado River*, 424 U.S. at 818.

    **B.**    **Analysis**

"Before the *Colorado River* doctrine can be applied, the district court must first determine that the concurrent state and federal actions are actually parallel." *Romine*, 160 F.3d at 339. "Exact parallelism is not required; it is enough if the two proceedings are substantially similar." *Id.* at 340 (internal quotation marks and citations omitted).

This action and the state-court action between KU and Waters are not "substantially similar." At issue in the state-court action is the liability of KU to Waters for his injuries. In contrast, this action relates to whether QSC has a contractual obligation to indemnify and defend KU with regard to both the civil action by Waters and the PSC investigation. The summary-judgment motion pending whose outcome QSC wishes the court to stay this matter relates to the "up-the-ladder" doctrine, an issue that affects whether Waters's recovery is limited by the Workers' Compensation statutes and not whether Article 12 of the GSA is enforceable against QSC in this action.

The finding of parallelism in *Romine* was based on (1) the parties being "substantially similar" and (2) the claims in both actions being "predicated on the same allegations as to the same material facts." *Id.* at 340. While KU is a party in both actions, its opponents in the two actions, Waters and QSC, are not

"substantially similar." Moreover, the claims in this action that relate to the rights of KU under the GSA relate only to the GSA itself, not the alleged wrongfulness of the actions of KU toward Waters. The enforceability of Article 12 of the GSA, the central issue in this action, will need to be decided regardless of the outcome of the summary-judgment motion in state court because KU has incurred substantial costs whether or not it is also found liable to Waters in the state-court action. Therefore, this action and the action in Fayette Circuit Court are not "parallel," and abstention under *Colorado River* is not appropriate.

**III.   Conclusion**

Accordingly,

**IT IS ORDERED** that the defendant's motion (DE 16) is **DENIED**.

Signed on  August 26, 2008

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY