UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 08-54-JBC

E.ON U.S. SERVICES INC., ET AL.,                                                PLAINTIFFS,

V.                          MEMORANDUM OPINION AND ORDER

QSC PAINTING, INC.,                                                              DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of McGroarty & Bradburn Insurance, Inc. to dismiss (R. 42). The court will deny the motion because it has specific personal jurisdiction over McGroarty.

I.     Background[1]

McGroarty & Bradburn Insurance, Inc., a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania, engages in the business of soliciting applications for, and selling and servicing, insurance policies on behalf of Century Surety Company. In 2006, QSC Painting, Inc., a company that specializes in painting electrical transformers and related equipment, was scheduled to paint at the Lexington, Kentucky, plant of Kentucky Utilities Company ("KU"), a subsidiary of E.On

---

[1] Because there has not been an evidentiary hearing, the court may consider only the facts "derive[d] from the pleadings and affidavits, taken in the light most favorable to Plaintiff, and without considering [the defendant's] version of any disputed facts." *Papa John's Int'l, Inc. v. Entm't Mktg. & Commc'ns Int'l, Ltd.*, 381 F.Supp.2d 638, 639 (W.D. Ky. 2005) (citing *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269 (6th Cir. 1998)).

U.S. Services, Inc. Prior to commencing work, QSC requested that McGroarty add KU as an additional insured to its existing insurance policy with Century and furnish E.On with a certificate of insurance. QSC obtained the additional insurance to comply with its contractual obligations to KU and E.On. After assisting QSC in procuring the requested coverage, McGroarty sent, via facsimile, a copy of the certificate of insurance to E.On's office in Kentucky. The certificate included the policy limits but omitted an endorsement that excluded coverage for claims made by employees of QSC. After E.On received the certificate, QSC commenced with the painting of KU's plant.

On the last day of the project, an employee of QSC was electrocuted while working. He subsequently filed a worker's compensation claim against QSC and sued E.On and KU for negligence in Fayette County, Kentucky Circuit Court. E.On and KU filed the instant action against QSC in an attempt to require QSC to indemnify, defend, and hold harmless E.On and KU with regard to the action by QSC's employee and a related investigation by the Kentucky Public Service Commission. In response to that suit, QSC commenced a third-party action against McGroarty and Century, alleging, among other things, that McGroarty negligently misrepresented the scope of coverage of the insurance policy that QSC purchased from Century. On March 13, 2009, McGroarty and Century moved to dismiss the third-party complaint. By stipulation of the parties, Century was dismissed on April 24, 2009.

## II. Analysis

The court will deny the motion to dismiss because it has specific personal jurisdiction over McGroarty. In diversity actions, this court can exercise personal jurisdiction over a non-resident defendant only when it is proper under Kentucky's long-arm statute and the Due Process Clause of the United States Constitution. *Poyner v. Erma Werke GMBH*, 618 F.2d 1186, 1187 (6th Cir. 1980). Because Kentucky has extended the jurisdiction of its courts to the full extent of the Due Process Clause, the analysis for the constitutional and statutory requirements is the same. *Id.* at 1188. Under this analysis, the court must examine whether the non-resident defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Washington, Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945). Depending on the extent of the defendant's contacts with the forum state, the court may assert general or specific personal jurisdiction.

General jurisdiction exists when the defendant has "continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims that plaintiff may have against the defendant." *Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 149 (6th Cir. 1997). Nothing in the third-party complaint suggests that McGroarty has "continuous or systematic" contacts with Kentucky. The court, therefore, lacks general personal

3

jurisdiction.

The court, however, has specific personal jurisdiction over McGroarty. A three-part test must be applied to determine whether the requirements for specific personal jurisdiction have been satisfied. *MSD Energy, Inc. v. Gognat*, 507 F.Supp.2d 764, 771 (W.D.Ky. 2007) (citing *Lexmark Intern., Inc. v. Laserland, Inc.*, 304 F.Supp.2d 913, 915 (E.D.Ky. 2004)).

> The first prong of the test asks whether the defendant purposefully availed [itself] of the privilege of acting within the forum state or causing a consequence in the forum state. The second prong considers whether the cause of action arises from the defendant's activities in the forum. The final prong requires the defendant to have a substantial enough connection to the forum state to make exercise of jurisdiction reasonable.

*Cummings v. Pitman*, 239 S.W.3d 77, 85 (Ky. 2007) (citing *Mohler v. Dorado Wings, Inc.*, 675 S.W.2d 404, 405 (Ky. Ct. App. 1984)).

First, McGroarty purposefully availed itself of the privilege of acting in Kentucky. While McGroarty's contact with Kentucky was simply the act of sending a facsimile of QSC's certificate of insurance to E.On, "[t]he acts of making phone calls and sending facsimiles into the forum, standing alone, may be sufficient to confer jurisdiction on the foreign defendant where the phone calls and faxes form the basis for the action." *Neal v. Janssen*, 270 F.3d 328, 332 (6th Cir. 2001). The facsimile sent by McGroarty clearly forms the basis of QSC's action for negligent misrepresentation. In order to prove negligent misrepresentation, a plaintiff must show that the defendant:

4

> in the course of his business, profession, or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Presnell Const. Managers, Inc. v. EH Const., LLC*, 134 S.W.3d 575, (Ky. 2004) (citing RESTATEMENT (SECOND) OF TORTS, §522 (1977)).  QSC alleges that McGroarty, in the course of its business as an insurance agent, supplied false information to it and to E.On when McGroarty sent the facsimile of the certificate of insurance, which did not contain any exclusionary provisions, to E.On's Kentucky office.  QSC and E.On then relied on the information contained in that facsimile, and QSC began painting KU's facility in Lexington, Kentucky, even though it did not have the necessary insurance coverage required by its contract with E.On.  Because the content of the facsimile serves as an essential element of QSC's claim, that facsimile is sufficient to confer jurisdiction on McGroarty.

The court also must "evaluate the nature of the contacts and the degree to which they represent a purposeful availment of the forum's protections and benefits." *Cummings*, 239 S.W.3d at 86 (citing *Pritzker v. Yari*, 42 F.3d 53, 62 (1st Cir. 1994)). "The two cornerstones for this analysis are foreseeability and voluntariness." *Id.* (citing *Ticketmaster-New York v. Alioto*, 26 F.3d 201, 207 (1st Cir. 1994)). McGroarty could have foreseen that it would be subject to a Kentucky court. McGoarty knew the nature of QSC's business and that QSC was planning to engage

5

in a project in Kentucky. Not only did McGroarty send the facsimile to E.On's office in Kentucky, but it also added E.On as an additional insured to QSC's insurance policy. In addition, McGroarty voluntarily procured additional insurance coverage for QSC's operations in Kentucky and sent the facsimile to Kentucky. The mere fact that this was done at the request of QSC is immaterial since, as an insurance agent, McGroarty benefitted from doing business with QSC.

Second, the cause of action arises from McGroarty's activities in Kentucky. QSC is suing McGroarty for negligence and negligent misrepresentation. Both claims revolve around the omission of the exclusionary provision from the certificate of insurance that McGroary sent by facsimile to E.On's office in Kentucky. Since QSC's claims arise from McGroarty's act of sending the allegedly deficient certificate of insurance to Kentucky, the second prong has been met.

Finally, McGroarty has a substantial enough connection to Kentucky to make the court's exercise of jurisdiction reasonable. In cases "where the first two criteria are satisfied, 'only the unusual case will not meet this third criterion.'" *Cummings*, 239 S.W.3d at 88 (quoting *Aristech Chemical Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 628 (6th Cir. 1998)). In the instant action, there is nothing unusual that prevents this criterion from being satisfied. Even though McGroarty's contacts with Kentucky are limited, they are substantial enough to support personal jurisdiction.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the motion of McGroarty & Bradburn Insurance, Inc. to dismiss (R. 42) is **DENIED**.

Signed on June 15, 2009

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY